IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JEFFREY SHAYNE GOTREAUX | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:23-cv-00159 |
| | § | |
| STEVENS TRANSPORT, INC. | § | |
| *Defendant.* | § | |

DEFENDANT STEVENS TRANSPORT, INC.'S
ORIGINAL FEDERAL ANSWER

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:

COMES NOW, Stevens Transport, Inc., Defendant in the above entitled and numbered cause, and files this, its Original Federal Answer in response to Plaintiff's Petition for Declaratory Judgment and any supplements and amendments thereto, and would respectfully show as follows:

## A.  ANSWER

### DISCOVERY CONTROL PLAN

1.      Defendant contends that as a discovery control plan is a procedural rule under Texas state law and that following removal to federal court, discovery will be conducted pursuant to this Court's Scheduling Order and Federal Rule of Civil Procedure 26. To the extent a response is required, Defendant denies each and every allegation and averment.

### CLAIM FOR RELIEF

2.      Defendant admits that this dispute involves rights to certain settlement funds and that Plaintiff seeks a declaratory judgment. Defendant specifically denies that Plaintiff is entitled

to the relief he seeks. Defendant further denies the remaining averments contained in Paragraph 2 of Plaintiff's Petition for Declaratory Judgment.

3.      Defendant admits that it paid benefits on behalf of Plaintiff in accordance with its ERISA-governed plan related to Plaintiff's injuries. Defendant denies the remaining averments contained in Paragraph 3 of Plaintiff's Petition for Declaratory Judgment.

### PARTIES

4.      Admit.

5.      Admit.

### JURISDICTION AND VENUE

6.      Defendant admits that it is a corporation organized and existing under the laws of the State of Texas and maintains its principal place of business in Texas. Defendant contends the remaining averments are conclusions of law to which no response is required. To the extent a response in required, Defendant denies the remaining averments contained in Paragraph 6 of Plaintiff's Petition for Declaratory Judgment.

7.      Defendant contends that Texas Civil Practice and Remedies Code section 15.090 is a procedural rule under Texas state law and that following removal to federal court, this matter will be governed by the Laws of the United States, the Federal Rules of Civil Procedures, the Local Rules of the United States District Court for the Eastern District of Texas, and the standing orders, practices, and procedures of this Court. Defendant further contends the averments are conclusions of law to which no response is required. To the extent a response in required, Defendant denies the averments contained in Paragraph 7 of Plaintiff's Petition for Declaratory Judgment.

### FACTUAL BACKGROUND

6.      Defendant admits Plaintiff was injured.

7.      Defendant admits it paid benefits to or on behalf of Plaintiff. Said payments were made in accordance with Defendant's ERISA-governed Plan.

8.      Defendant admits it paid benefits pursuant to a plan governed by ERISA and it is entitled to subrogation and/or reimbursement for those benefits paid as provided by the Plan. Defendant denies the remaining averments contained in Paragraph 8 of Plaintiff's Petition for Declaratory Judgment.

9.      Defendant admits it is entitled to reimbursement and/or subrogation for the benefits paid in accordance with its Plan that is governed by ERISA. Defendant denies the remaining averments contained in Paragraph 9 of Plaintiff's Petition for Declaratory Judgment.

10.      Defendant admits it is entitled to reimbursement and/or subrogation for the benefits paid in accordance with its Plan that is governed by ERISA. Defendant denies the remaining averments contained in Paragraph 10 of Plaintiff's Petition for Declaratory Judgment.

## DECLARATORY JUDGMENT

11.      Defendant contends the averments contained in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies the averments contained in Paragraph 11 of Plaintiff's Petition for Declaratory Judgment.

12.      Defendant admits Plaintiff is required to pay its lien for the amount of funds paid to or for the benefit of Plaintiff, in accordance with the terms of Defendant's ERISA-controlled plan. Defendant denies the remaining averments contained in Paragraph 12 of Plaintiff's Petition for Declaratory Judgment.

13.      Defendant admits plaintiff seeks a declaratory judgment. Defendant denies Plaintiff is entitled to such a judgment. Defendant admits it paid benefits to or on behalf of Plaintiff to

which it is entitled to reimbursement and/or subrogation. Defendant denies the remaining averments contained in Paragraph 13 of Plaintiff's Petition for Declaratory Judgment.

14.    Denied.

## JURY DEMAND

14.    Defendant admits that Plaintiff demanded a jury trial prior to removal of this action to this Court.

## CONDITIONS PRECEDENT

15.    Defendant contends the allegations contained in the paragraph are conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the averments contained in Paragraph 15 of Plaintiff's Petition for Declaratory Judgment.

## REQUEST FOR DISCLOSURE

14.    Defendant contends that Texas Rule of Civil Procedure 194 is a procedural rule under Texas state law. Following removal to federal court, initial disclosures will be controlled by this Court's Scheduling Order and Federal Rule of Civil Procedure 26. To the extent a response is required, Defendant denies each and every allegation and averment.

## PRAYER

16.    Defendant contends the averments contained in this paragraph are conclusions of law to which no response is required. Defendant specifically denies that Plaintiff is entitled to the relief sought. Defendant denies the averments contained in paragraph 16 of Plaintiff's Petition for Declaratory Judgment.

## B.  AFFIRMATIVE DEFENSES

17.    Defendants hereby assert the following defenses, inferential rebuttal defenses, and affirmative defenses and would show that the damages, or liabilities of which Plaintiff complains, if any exist, are the result, in whole or in part, of the following:

18.    <u>Unclean Hands.</u> Plaintiff's claims are barred by Plaintiff's own actions.

19.    Defendant Reserves the right to assert other affirmative defenses as discovery progresses in this case.

## C.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant Stevens Transport, Inc. prays that Plaintiff takes nothing by this action, that Defendant be awarded costs and reasonable attorney's fees if applicable, and that the Court grant Defendant any such other and further relief, general or special, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**RESPECTFULLY SUBMITTED,**

**SARGENT LAW, P.C.**

By:    /s/ *David Sargent*
**DAVID L. SARGENT**
State Bar No. 17648700
david.sargent@sargentlawtx.com
**WILLIAM D. CARSON**
State Bar No. 24122473
william.carson@sargentlawtx.com

1717 Main Street, Suite 4750
Dallas, Texas 75201-7346
Telephone: (214) 749-6000
Facsimile: (214) 749-6100
**ATTORNEYS FOR DEFENDANT
STEVENS TRANSPORT, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25TH day of April 2023, a true and correct copy of the foregoing document was forwarded via CM/ECF to counsel for Plaintiff:

Jane S. Leger
THE FERGUSON LAW FIRM, LLP
3155 Executive Blvd.
Beaumont, Texas 77705
jleger@thefergusonlawfirm.com

/s/ *David L. Sargent*
**DAVID L. SARGENT**